

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA
OFFICE OF THE CLERK

**Michael L. McConnell**
Clerk of Court

Russell B. Long Federal Building & U.S. Courthouse
777 Florida Street, Suite 139
Baton Rouge, LA  70801-1712
Telephone:      (225) 389-3500
Facsimile:      (225) 389-3501

August 16, 2021

Julie Richard-Spencer
Robein, Urann, Spencer, Picard & Cangemi, APLC
2540 Severn Avenue, Suite 400
P.O. Box 6768
Metairie, Louisiana 70009-6768

RE:    United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and
       Service Workers International Union, AFL-CIO, CLC v. ExxonMobil Oil Corporation

       Civil Action No.:  3:11-cv-00645

Dear Ms. Richard-Spencer,

I have been informed by Judge Brian A. Jackson, who presided over the above-captioned case, that it was recently brought to his attention that he owned stock in ExxonMobil Corporation while he presided over this matter.  As you know, following the filing of the case, no appearance was entered by ExxonMobil or any counsel representing the Defendant.  The record of proceedings also reflects that shortly after filing the lawsuit, and before any dispositive motions were filed or discovery commenced, you filed a motion seeking dismissal of the case.  Judge Jackson's role in the case was limited to granting the motion that, in effect, permitted you to withdraw the lawsuit.

Judge Jackson has assured me that his ownership of the stock neither affected nor impacted his decision in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Jackson directed that I notify you of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after

a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on
> disqualification as soon as those facts are learned, even though
> that may occur after entry of the decision. The parties may then
> determine what relief they may seek and a court (without the
> disqualified judge) will decide the legal consequence, if any,
> arising from the participation of the disqualified judge in the
> entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Jackson's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 17, 2021. Any response will be considered by another judge of this court without the participation of Judge Jackson.

Sincerely,

Michael L. McConnell
Clerk of Court
United States District Court
Middle District of Louisiana